# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### EVANSVILLE DIVISION

| | |
|---|---|
| Christopher Adams, Jared Ahl, Eric Alderson, Christopher Applegate, John Aull, Gary Austin, Kenneth Austin, Scott Austin, Wesley Ball John Ballew, Casey Banks, David Beertzer, Jr., Steven Bell, II, Michael Berry, Edward Boehman, Kevin Brock, Jeremy Brown, Stephen Bruce, Donald Buckman, Brian Burnett, Jr., James Burns, Gary Butts, Bernard Byrd, Stephen Byrne, Timothy Campbell, Richard Carlisle, Paul Carver, William Carwile, Jr., Anthony Castello, Gerald Chamberlain, Mark Christian, Aaron Cook, Larry Cooper, Jr., James Craig, Merle Denny, Jr., Dewey Dever, III, Bryan Devine, Scott DeWitt, Steven DeWitt, Trevor Dunn, Bradley Eberle, Nicholas Edge, Terrence Evrard, James Faught, Brandon Ford, James Franz, Eric Frizzell, Gregory Frizzell, Stanley Fuqua, Jr., Jeremy Galloway, Hoy Garrett, Jr., Joseph Gillespie, Robert Gogel, Jr., Terry Graham, Donald Graves, Kyle Greenwell, David Gunn, David Hakes, Matthew Hakes, Joshua Hardin, Jonathan Hardman, Thomas Hardman, Jeremy Higdon, Michael Holder, James Holmes, Jr., Benjamin Horsting, Roger Howard, Ronald Howell, III, Bruce Hunt, Josh Hurm, Robert Johnson, Leon King, Dean Knepper, Annette Kurger, John Lashley, James Lawson, Jr., Joseph LeDuff, Robert Lee, II, Donald Lightfoot, Dustin Lindsey, Thomas Marshall, Eric Martin, William Martin, Justin Masterson, Jim McCallister, Darrell McCarthy, Isaac McCarty, Thomas McCauley, Jr., Charles McCoy, David McStoots, Matthew Milburn, Clyde Miller, Jr., James Moore, Steven Nunn, Anthony Owens, Nicholas Payne, Alan Petri, Anthony Plantz, Jason Powers, | Civil No. _____ <br><br> **COMPLAINT IN COLLECTIVE ACTION** <br><br> **(DEMAND FOR JURY TRIAL)** |

Rodney Powers, Michael Richards, Stephen
Richards, Joseph Riley, Christopher Risley,
Howell Roach, Jr., Chris Roark, Joseph
Roccia, Robert Rudd, David Sandage, Mark
Sandage, Traci Schaefer, Michael Seibert,
Kevin Sexton, Kenneth Sexton, Jr., Michael
Simmons, Matthew Sims, James Spurling, II,
Jason Stallings, Jason Stiles, Clint Stoner,
Aaron Strahl, Gregory Strathmann, Danny
Sturgeon, Jeremiah Sturgeon, Jefferson Taylor,
John Thomas, Michael Thorn, William Tinch,
II, Troy Todd, Jesse Underhill, Jamie
Waninger, Gregory Weise, Kenneth Williams,
Kenneth Williamson, Nathan Winings, Dane
Winkler, Keith Yano, Bryan Young, David
Zazzetti,

on behalf of themselves and other similarly
situated,

> Plaintiffs and Collective Action
> Members,

-v-

Waupaca Foundry,

> Defendant.

Plaintiffs, on behalf of themselves and others similarly situated, by and through their

attorneys, state and allege:

## PRELIMINARY STATEMENT

1.     Plaintiffs are current and former foundry workers who are or were employed

by Defendant Waupaca Foundry, Inc. (formerly, ThyssenKrupp Waupaca, Inc.).  The

Plaintiffs seek relief on a collective basis relating to Defendant's practice and policy of

2

not fully compensating employees for all the time they spend working at Defendant's foundries. In particular, the Plaintiffs spent time donning and doffing gear and equipment, showering, and walking to and from the production floor. These activities were necessary and indispensable to the Named Plaintiffs' principal work but are not compensated for by Defendant.

2.    Plaintiffs bring this action on behalf of themselves and all persons who were, are or will be employed by Defendant as foundry workers at its Tell City, Indiana, plant, at any time within the three years prior to filing of this Complaint through the date of the final disposition of this action (the "FLSA Period"), and who have not received full compensation for all hours worked under the Fair Labor Standards Act ("FLSA").  This group is hereinafter referred to as the "FLSA Class." The District Court for the Eastern District of Wisconsin previously certified this case as a collective action on December 18, 2008. Dkt. 91, *DeKeyser, et al. v. ThyssenKrupp Waupaca, Inc.*, Case No. 1:08-cv-00488 (E.D. Wis.). On March 31, 2016, that Court ordered that the claims of the Indiana workers be severed from the Wisconsin complaint so that they could be transferred to this District, and requested Plaintiffs to provide a proposed amended complaint for the Indiana workers.

3.    Each Plaintiff has provided his or her written consent to participate in this litigation as required by 29 U.S.C. § 216(b). Copies of Plaintiffs' consents to join this action are attached hereto as Exhibit A, and have been filed with the Court in accordance with 29 U.S.C. § 216(b). Plaintiffs previously filed their consents to join this

3

action in the collective action captioned *DeKeyser, et al. v. ThyssenKrupp Waupaca, Inc.*, Case No. 1:08-cv-00488 (E.D. Wis.).

4.     In addition to the Plaintiffs, all persons presently or formerly employed by Defendant in similar employment positions which are not exempt from the minimum wage and overtime requirements of the FLSA, are entitled to collectively participate in this action by choosing to "opt in" and submit a written consent to join form.

### PARTIES

5.     Plaintiffs all are or were nonexempt foundry workers employed by Defendant at its plant located in Tell City, Indiana.

6.     During the class period, Plaintiff Christopher Adams resided in Tell City, Indiana.  Plaintiff Adams filed his consent to join on January 26, 2009.

7.     During the class period, Plaintiff Jared Ahl resided in Tobinsport, Indiana. Plaintiff Ahl filed his consent to join on January 26, 2009.

8.     During the class period, Plaintiff Eric Alderson resided in Hawesville, Kentucky.  Plaintiff Alderson filed his consent to join on January 26, 2009.

9.     During the class period, Plaintiff Christopher Applegate resided in Tell City, Indiana.  Plaintiff Applegate filed his consent to join on January 30, 2009.

10.     During the class period, Plaintiff John Aull resided in Hawesville, Kentucky.  Plaintiff Aull filed his consent to join on February 6, 2009.

11.     During the class period, Plaintiff Gary Austin resided in English, Indiana. Plaintiff Austin filed his consent to join on February 19, 2009.

4

12.     During the class period, Plaintiff Kenneth Austin resided in Owensboro, Kentucky. Plaintiff Austin filed his consent to join on February 17, 2009.

13.     During the class period, Plaintiff Scott Austin resided in English, Indiana. Plaintiff Austin filed his consent to join on January 29, 2009.

14.     During the class period, Plaintiff Wesley Ball resided in Tobinsport, Indiana. Plaintiff Ball filed his consent to join on July 28, 2008.

15.     During the class period, Plaintiff John Ballew resided in Philpot, Kentucky. Plaintiff Ballew filed his consent to join on January 26, 2009.

16.     During the class period, Plaintiff Casey Banks resided in Owensboro, Kentucky. Plaintiff Banks filed his consent to join on February 13, 2009.

17.     During the class period, Plaintiff David Beertzer, Jr. resided in Leopold, Indiana. Plaintiff Beertzer filed his consent to join on February 17, 2009.

18.     During the class period, Plaintiff Steven Bell, II resided in Otwell, Indiana. Plaintiff Bell filed his consent to join on January 26, 2009.

19.     During the class period, Plaintiff Michael Berry resided in Owensboro, Kentucky. Plaintiff Berry filed his consent to join on February 20, 2009.

20.     During the class period, Plaintiff Edward Boehman resided in Maceo, Kentucky. Plaintiff Boehman filed his consent to join on January 30, 2009.

21.     During the class period, Plaintiff Kevin Brock resided in Santa Claus, Indiana. Plaintiff Brock filed his consent to join on February 23, 2009.

22.     During the class period, Plaintiff Jeremy Brown resided in Lewisport, Kentucky. Plaintiff Lewisport filed his consent to join on August 5, 2008.

5

23.     During the class period, Plaintiff Stephen Bruce resided in Hawesville, Kentucky. Plaintiff Bruce filed his consent to join on February 20, 2009.

24.     During the class period, Plaintiff Donald Buckman resided in Coralville, Iowa. Plaintiff Buckman filed his consent to join on January 26, 2009.

25.     During the class period, Plaintiff Brian Burnett, Jr. resided in Cloverport, Kentucky. Plaintiff Burnett filed his consent to join on January 27, 2009.

26.     During the class period, Plaintiff James Burns resided in Elkton, Kentucky. Plaintiff Burns filed his consent to join on September 24, 2008.

27.     During the class period, Plaintiff Gary Butts resided in Owensboro, Kentucky. Plaintiff Butts filed his consent to join on July 28, 2008.

28.     During the class period, Plaintiff Bernard Byrd resided in Sheboygan, Wisconsin. Plaintiff Byrd filed his consent to join on January 26, 2009.

29.     During the class period, Plaintiff Stephen Byrne resided in Owensboro, Kentucky. Plaintiff Byrne filed his consent to join on February 27, 2009.

30.     During the class period, Plaintiff Timothy Campbell resided in Tell City, Indiana. Plaintiff Campbell filed his consent to join on February 23, 2009.

31.     During the class period, Plaintiff Richard Carlisle resided in Utica, Kentucky. Plaintiff Carlisle filed his consent to join on January 26, 2009.

32.     During the class period, Plaintiff Paul Carver resided in Owensville, Kentucky and Cookeville, Tennessee. Plaintiff Carver filed his consent to join on August 18, 2008.

6

33.     During the class period, Plaintiff William Carwile, Jr. resided in Hardinsburg, Kentucky.  Plaintiff Carwile filed his consent to join on January 26, 2009.

34.     During the class period, Plaintiff Anthony Castello resided in Evanston, Indiana.  Plaintiff Castello filed his consent to join on January 26, 2009.

35.     During the class period, Plaintiff Gerald Chamberlain resided in Chrisney, Indiana.  Plaintiff Chamberlain filed his consent to join on January 29, 2009.

36.     During the class period, Plaintiff Mark Christian resided in Owensboro, Kentucky.  Plaintiff Christian filed his consent to join on January 26, 2009.

37.     During the class period, Plaintiff Aaron Cook resided in Cloverport, Kentucky.  Plaintiff Cook filed his consent to join on January 26, 2009.

38.     During the class period, Plaintiff Larry Cooper, Jr. resided in Greensburg, Kentucky.  Plaintiff Cooper filed his consent to join on February 2, 2009.

39.     During the class period, Plaintiff James Craig resided in Saint Marys, Georgia.  Plaintiff Craig filed his consent to join on February 17, 2009.

40.     During the class period, Plaintiff Merle Denny, Jr. resided in Oakland City, Indiana.  Plaintiff Denny filed his consent to join on January 26, 2009.

41.     During the class period, Plaintiff Dewey Dever, III resided in Hardinsburg, Kentucky.  Plaintiff Dever filed his consent to join on February 23, 2009.

42.     During the class period, Plaintiff Bryan Devine resided in Owensboro, Kentucky.  Plaintiff Devine filed his consent to join on January 26, 2009.

43.     During the class period, Plaintiff Scott DeWitt resided in Hawesville, Kentucky.  Plaintiff Dewitt filed his consent to join on January 27, 2009.

7

44.     During the class period, Plaintiff Steven DeWitt resided in Hardinsburg, Kentucky.  Plaintiff Dewitt filed his consent to join on February 24, 2009.

45.     During the class period, Plaintiff Trevor Dunn resided in Rockport, Indiana. Plaintiff Dunn filed his consent to join on March 2, 2009.

46.     During the class period, Plaintiff Bradley Eberle resided in Tell City, Indiana.  Plaintiff Eberle filed his consent to join on February 2, 2009.

47.     During the class period, Plaintiff Nicholas Edge resided in Whitesville, Kentucky.  Plaintiff Edge filed his consent to join on January 26, 2009.

48.     During the class period, Plaintiff Terrence Evrard resided in Dale, Indiana. Plaintiff Evrard filed his consent to join on January 26, 2009.

49.     During the class period, Plaintiff James Faught resided in Henderson, Kentucky.  Plaintiff Faught filed his consent to join on January 26, 2009.

50.     During the class period, Plaintiff Brandon Ford resided in Louisville, Kentucky.  Plaintiff Ford filed his consent to join on January 27, 2009.

51.     During the class period, Plaintiff James Franz resided in Gentryville, Indiana.  Plaintiff Franz filed his consent to join on February 9, 2009.

52.     During the class period, Plaintiff Eric Frizzell resided in Cannelton, Indiana.  Plaintiff Frizzell filed his consent to join on January 23, 2009.

53.     During the class period, Plaintiff Gregory Frizzell resided in Cannelton, Indiana.  Plaintiff Frizzell filed his consent to join on January 23, 2009.

54.     During the class period, Plaintiff Stanley Fuqua, Jr. resided in Hardinsburg, Kentucky.  Plaintiff Fuqua filed his consent to join on January 30, 2009.

8

55.     During the class period, Plaintiff Jeremy Galloway resided in Tell City, Indiana.  Plaintiff Galloway filed his consent to join on February 13, 2009.

56.     During the class period, Plaintiff Hoy Garrett, Jr. resided in Bristow, Indiana.  Plaintiff Garrett filed his consent to join on March 9, 2009.

57.     During the class period, Plaintiff Joseph Gillespie resided in Owensboro, Kentucky.  Plaintiff Gillespie filed his consent to join on March 5, 2009.

58.     During the class period, Plaintiff Robert Gogel, Jr. resided in Tell City, Indiana.  Plaintiff Gogel filed his consent to join on January 23, 2009.

59.     During the class period, Plaintiff Terry Graham resided in Tell City, Indiana.  Plaintiff Graham filed his consent to join on January 26, 2009.

60.     During the class period, Plaintiff Donald Graves resided in Tell City, Indiana.  Plaintiff Graves filed his consent to join on January 30, 2009.

61.     During the class period, Plaintiff Kyle Greenwell resided in Cannelton, Indiana.  Plaintiff Greenwell filed his consent to join on January 26, 2009.

62.     During the class period, Plaintiff David Gunn resided in Rockport, Indiana. Plaintiff Gunn filed his consent to join on January 29, 2009.

63.     During the class period, Plaintiff David Hakes resided in Tell City, Indiana. Plaintiff Hakes filed his consent to join on February 17, 2009.

64.     During the class period, Plaintiff Matthew Hakes resided in Tell City, Indiana.  Plaintiff Hakes filed his consent to join on February 4, 2009.

65.     During the class period, Plaintiff Joshua Hardin resided in Attleboro, Massachusetts. Plaintiff Hardin filed his consent to join on February 9, 2009.

9

66.    During the class period, Plaintiff Jonathan Hardman resided in Owensboro, Kentucky. Plaintiff Hardman filed his consent to join on February 6, 2009.

67.    During the class period, Plaintiff Thomas Hardman resided in Hardinsburg, Kentucky. Plaintiff Hardman filed his consent to join on January 26, 2009.

68.    During the class period, Plaintiff Jeremy Higdon resided in Owensboro, Kentucky. Plaintiff Higdon filed his consent to join on January 26, 2009.

69.    During the class period, Plaintiff Michael Holder resided in Tell City, Indiana. Plaintiff Holder filed his consent to join on January 23, 2009.

70.    During the class period, Plaintiff James Holmes, Jr. resided in Tell City, Indiana. Plaintiff Holmes filed his consent to join on February 19, 2009.

71.    During the class period, Plaintiff Benjamin Horsting resided in Loogootee, Indiana. Plaintiff Horsting filed his consent to join on March 2, 2009.

72.    During the class period, Plaintiff Roger Howard resided in Orange Station, Texas. Plaintiff Howard filed his consent to join on January 26, 2009.

73.    During the class period, Plaintiff Ronald Howell, III resided in Evansville, Indiana. Plaintiff Howell filed his consent to join on March 2, 2009.

74.    During the class period, Plaintiff Bruce Hunt resided in Gulfport, Mississippi. Plaintiff Hunt filed his consent to join on January 26, 2009.

75.    During the class period, Plaintiff Josh Hurm resided in Leopold, Indiana. Plaintiff Hurm filed his consent to join on February 6, 2009.

76.    During the class period, Plaintiff Robert Johnson resided in Owensboro, Kentucky. Plaintiff Johnson filed his consent to join on February 6, 2009.

10

77.     During the class period, Plaintiff Leon King resided in Tell City, Indiana. Plaintiff King filed his consent to join on January 23, 2009.

78.     During the class period, Plaintiff Dean Knepper resided in Evanston, Indiana.  Plaintiff Knepper filed his consent to join on January 26, 2009.

79.     During the class period, Plaintiff Annette Kurger resided in Lewisport, Kentucky.  Plaintiff Kurger filed her consent to join on February 13, 2009.

80.     During the class period, Plaintiff John Lashley resided in Boonville, Indiana.  Plaintiff Lashley filed his consent to join on February 17, 2009.

81.     During the class period, Plaintiff James Lawson, Jr. resided in Cannelton, Indiana.  Plaintiff Lawson filed his consent to join on January 29, 2009.

82.     During the class period, Plaintiff Joseph LeDuff resided in Lehigh Acres, Florida.  Plaintiff LeDuff filed his consent to join on January 26, 2009.

83.     During the class period, Plaintiff Robert Lee, II resided in Evanston, Indiana.  Plaintiff Lee filed his consent to join on February 2, 2009.

84.     During the class period, Plaintiff Donald Lightfoot resided in Bowling Green, Kentucky.  Plaintiff Lightfoot filed his consent to join on February 2, 2009.

85.     During the class period, Plaintiff Dustin Lindsey resided in Evanston, Indiana. Plaintiff Lindsey filed his consent to join on February 23, 2009.

86.     During the class period, Plaintiff Thomas Marshall resided in Cannelton, Indiana.  Plaintiff Marshall filed his consent to join on March 6, 2009.

87.     During the class period, Plaintiff Eric Martin resided in Owensboro, Kentucky.  Plaintiff Martin filed his consent to join on January 26, 2009.

11

88.     During the class period, Plaintiff William Martin resided in Tell City, Indiana. Plaintiff Martin filed his consent to join on January 26, 2009.

89.     During the class period, Plaintiff Justin Masterson resided in Hardinsburg, Kentucky.  Plaintiff Masterson filed his consent to join on February 17, 2009.

90.     During the class period, Plaintiff Jim McCallister resided in Tell City, Indiana.  Plaintiff McCallister filed his consent to join on March 9, 2009.

91.     During the class period, Plaintiff Darrell McCarthy resided in Reynolds Stations, Kentucky.  Plaintiff McCarthy filed his consent to join on February 17, 2009.

92.     During the class period, Plaintiff Isaac McCarty resided in Owensboro, Kentucky.  Plaintiff McCarty filed his consent to join on February 6, 2009.

93.     During the class period, Plaintiff Thomas McCauley, Jr. resided in Hardinsburg, Kentucky.   Plaintiff McCauley filed his consent to join on February 23, 2009.

94.     During the class period, Plaintiff Charles McCoy resided in Cloverport, Kentucky.  Plaintiff McCoy filed his consent to join on March 9, 2009.

95.     During the class period, Plaintiff David McStoots resided in Clarkson, Kentucky.  Plaintiff McStoots filed his consent to join on January 30, 2009.

96.     During the class period, Plaintiff Matthew Milburn resided in Evansville, Indiana.  Plaintiff Milburn filed his consent to join on January 26, 2009.

97.     During the class period, Plaintiff Clyde Miller, Jr. resided in Owensboro, Kentucky.  Plaintiff Miller filed his consent to join on February 17, 2009.

12

98.    During the class period, Plaintiff James Moore resided in Hardinsburg, Kentucky. Plaintiff Moore filed his consent to join on February 9, 2009.

99.    During the class period, Plaintiff Steven Nunn resided in Grandview, Indiana. Plaintiff Nunn filed his consent to join on January 26, 2009.

100.    During the class period, Plaintiff Anthony Owens resided in Elnora, Indiana. Plaintiff Owens filed his consent to join on January 29, 2009.

101.    During the class period, Plaintiff Nicholas Payne resided in Lewisport, Kentucky. Plaintiff Payne filed his consent to join on March 9, 2009.

102.    During the class period, Plaintiff Alan Petri resided in Hawesville, Kentucky. Plaintiff Petri filed his consent to join on February 17, 2009.

103.    During the class period, Plaintiff Anthony Plantz resided in Rockport, Indiana. Plaintiff Plantz filed his consent to join on February 11, 2009.

104.    During the class period, Plaintiff Jason Powers resided in Owensboro, Kentucky. Plaintiff Powers filed his consent to join on February 9, 2009.

105.    During the class period, Plaintiff Rodney Powers resided in Tell City, Indiana. Plaintiff Powers filed his consent to join on January 26, 2009.

106.    During the class period, Plaintiff Michael Richards resided in Hawesville, Kentucky. Plaintiff Richards filed his consent to join on February 26, 2009.

107.    During the class period, Plaintiff Stephen Richards resided in Fordsville, Kentucky. Plaintiff Richards filed his consent to join on January 26, 2009.

108.    During the class period, Plaintiff Joseph Riley resided in Owensboro, Kentucky. Plaintiff Riley filed his consent to join on January 29, 2009.

13

109.    During the class period, Plaintiff Christopher Risley resided in Rockport, Indiana. Plaintiff Risley filed his consent to join on January 26, 2009.

110.    During the class period, Plaintiff Howell Roach, Jr. resided in Whitesville, Kentucky. Plaintiff Roach filed his consent to join on January 27, 2009.

111.    During the class period, Plaintiff Chris Roark resided in Cannelton, Indiana. Plaintiff Roark filed his consent to join on February 13, 2009.

112.    During the class period, Plaintiff Joseph Roccia resided in Evansville, Indiana. Plaintiff Roccia filed his consent to join on February 6, 2009.

113.    During the class period, Plaintiff Robert Rudd resided in Tell City, Indiana. Plaintiff Rudd filed his consent to join on January 26, 2009.

114.    During the class period, Plaintiff David Sandage resided in Plainfield, Indiana. Plaintiff Sandage filed his consent to join on January 26, 2009.

115.    During the class period, Plaintiff Mark Sandage resided in Cannelton, Indiana. Plaintiff Sandage filed his consent to join on July 22, 2008.

116.    During the class period, Plaintiff Traci Schaefer resided in Tell City, Indiana. Plaintiff Schaefer filed her consent to join on January 30, 2009.

117.    During the class period, Plaintiff Michael Seibert resided in English, Indiana. Plaintiff Seibert filed his consent to join on January 30, 2009.

118.    During the class period, Plaintiff Kevin Sexton resided in Owensboro, Kentucky. Plaintiff Sexton filed his consent to join on January 26, 2009.

119.    During the class period, Plaintiff Kenneth Sexton, Jr. resided in Owensboro, Kentucky. Plaintiff Sexton filed his consent to join on January 26, 2009.

14

120.    During the class period, Plaintiff Michael Simmons resided in Cloverport, Kentucky.  Plaintiff Simmons filed his consent to join on March 9, 2009.

121.    During the class period, Plaintiff Matthew Sims resided in Gentryville, Indiana.  Plaintiff Sims filed his consent to join on January 26, 2009.

122.    During the class period, Plaintiff James Spurling, II resided in Tell City, Indiana.  Plaintiff Spurling filed his consent to join on July 22, 2008.

123.    During the class period, Plaintiff Jason Stallings resided in Owensboro, Kentucky.  Plaintiff Stallings filed his consent to join on January 26, 2009.

124.    During the class period, Plaintiff Jason Stiles resided in Tell City, Indiana. Plaintiff Stiles filed his consent to join on January 29, 2009.

125.    During the class period, Plaintiff Clint Stoner resided in Bloomfield, Indiana.  Plaintiff Stoner filed his consent to join on January 28, 2009.

126.    During the class period, Plaintiff Aaron Strahl resided in Cannelton, Indiana.  Plaintiff Strahl filed his consent to join on March 9, 2009.

127.    During the class period, Plaintiff Gregory Strathmann resided in Newburgh, Indiana.  Plaintiff Strathmann filed his consent to join on January 26, 2009.

128.    During the class period, Plaintiff Danny Sturgeon resided in Troy, Indiana. Plaintiff Sturgeon filed his consent to join on February 2, 2009.

129.    During the class period, Plaintiff Jeremiah Sturgeon resided in Lewisport, Kentucky.  Plaintiff Sturgeon filed his consent to join on February 17, 2009.

130.    During the class period, Plaintiff Jefferson Taylor resided in Tell City, Indiana.  Plaintiff Taylor filed his consent to join on January 26, 2009.

131.    During the class period, Plaintiff John Thomas resided in Owensboro, Kentucky.  Plaintiff Thomas filed his consent to join on January 26, 2009.

132.    During the class period, Plaintiff Michael Thorn resided in Tobinsport, Indiana.  Plaintiff Thorn filed his consent to join on March 4, 2009.

133.    During the class period, Plaintiff William Tinch, II resided in Tell City, Indiana.  Plaintiff Tinch filed his consent to join on January 29, 2009.

134.    During the class period, Plaintiff Troy Todd resided in Calhoun, Kentucky. Plaintiff Todd filed his consent to join on January 26, 2009.

135.    During the class period, Plaintiff Jesse Underhill resided in English, Indiana.  Plaintiff Underhill filed his consent to join on January 29, 2009.

136.    During the class period, Plaintiff Jamie Waninger resided in Lamar, Indiana.  Plaintiff Waninger filed his consent to join on January 26, 2009.

137.    During the class period, Plaintiff Gregory Weise resided in Owensboro, Kentucky.  Plaintiff Weise filed his consent to join on January 26, 2009.

138.    During the class period, Plaintiff Kenneth Williams resided in Hawesvile, Kentucky.  Plaintiff Williams filed his consent to join on March 2, 2009.

139.    During the class period, Plaintiff Kenneth Williamson resided in Grand Rivers, Kentucky.  Plaintiff Williamson filed his consent to join on January 26, 2009.

140.    During the class period, Plaintiff Nathan Winings resided in Ireland, Indiana.  Plaintiff Winings filed his consent to join on February 6, 2009.

141.    During the class period, Plaintiff Dane Winkler resided in Grandview, Indiana.  Plaintiff Winkler filed his consent to join on January 26, 2009.

16

142.   During the class period, Plaintiff Keith Yano resided in Tell City, Indiana. Plaintiff Yano filed his consent to join on January 30, 2009.

143.   During the class period, Plaintiff Bryan Young resided in Owensboro, Kentucky.  Plaintiff Young filed his consent to join on January 26, 2009.

144.   During the class period, Plaintiff David Zazzetti resided in Lincoln City, Indiana.  Plaintiff Zazzetti filed his consent to join on January 26, 2009.

145.   Defendant is a Wisconsin corporation with its principal place of business in Waupaca, Wisconsin. Defendant is the successor in interest to ThyssenKrupp Waupaca, Inc.

146.   Defendant is a foundry specializing in supplying numerous industries with cast metal products.

## JURISDICTION AND VENUE

147.   Jurisdiction over the Plaintiffs' federal claims is based upon Section 16(b) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 216 and 29 U.S.C. §§ 1331 and 1337.

148.   This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

149.   The Southern District of Indiana, Evansville Division, has personal jurisdiction over Defendant because Defendant does business in Indiana and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred or are occurring in this District.

17

150.   Venue is proper because Defendant resides in this District and because a substantial part of the events or omissions giving rise to the claims alleged occurred in this District.

## FACTUAL ALLEGATIONS

151.   Upon information and belief, Defendant operates six ferrous foundries in Tell City, Indiana, Etowah, Tennessee, Marinette, Wisconsin, and Waupaca, Wisconsin, which serve numerous industries, such as agriculture, automotive, construction, and power tools.   Between its six foundries, Defendant employs approximately 4,000 people.   Defendant produces gray, ductile, and compacted graphite iron castings.

152.   Defendant is a member of a highly regulated industry, and is subject to the scrutiny of federal and state environmental and occupational work safety agencies and administrative regulations, which require, among other things, that Defendant provide proper environmental controls to ensure worker safety and the means for workers to protect themselves from the dangers presented by their jobs.

153. Foundry workers at Defendant's foundries are nonexempt hourly employees, and the work performed by these Plaintiff employees is nonexempt work.

154. Defendant has not compensated its nonexempt employees for all hours worked as required by law.

     A.   Defendant has not paid its nonexempt employees full overtime compensation for the hours worked as required by law.

     B.   Defendant refuses to fully compensate its foundry employees for the time spent at the beginning of shifts donning and doffing safety and personal

18

protective gear and equipment that protects them from the strenuous and dangerous work conditions at its foundries, including but not limited to steel-toed boots with metatarsal shield protection, safety glasses, ear protection, flame-retardant uniforms, face shield, fire retardant leather gloves, and hard hats, and at the end of shifts for removing and returning these same items; such time is necessary and indispensable to the foundry worker's jobs.

       C.    Defendant also does not compensate its foundry workers for time spent showering after their shifts, time which is necessary and indispensable to their work, as the employees work with toxic or corrosive chemicals, and are exposed to silica and other foundry dusts that adhere to the skin and clothing, presenting a health hazard to the employees and any family members who come into contact with them.

       D.    Additionally, Defendant does not compensate its nonexempt workers for time spent walking to and from changing areas and the production floor.

       E.    Failing to pay these employees overtime pay for time spent donning and doffing gear and equipment, showering, and walking to and from the production floor at the foundries violates the applicable law.

155. Defendant did not exercise good faith in willfully failing to fully compensate its employees under the FLSA. Defendant consciously excluded from "hours worked" the time spent by foundry employees donning and doffing gear and equipment, showering, and walking to and from the production floor at the foundries.

156.  Defendant's practices violate the laws pled herein.  Plaintiffs equitable relief, overtime compensation for all overtime work required, suffered or permitted by Defendant, liquidated, or other damages and penalties permitted by applicable law, interest, and attorneys' fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

157.  Plaintiffs' first cause of action is brought under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of the FLSA Class.

158.  The Named Plaintiffs and members of the FLSA Class are similarly situated in that they have substantially similar job requirements and pay provisions, are subject to Defendant's common practice, policy, or plan of unlawfully failing to pay for all hours worked, including pay at overtime rates.

159.  The names and addresses of the FLSA Class are available from Defendant's records.   The last collective action notice was disseminated in 2009, and no notice has been sent since that date. An updated notice, informing similarly situated employees that this action is pending, should be provided to the FLSA Class via both first class mail and by posting in Defendant's foundries as soon as possible.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

160.  Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

161.  The FLSA regulates, among other things, the payment of all hours worked, including overtime pay by employers whose employees are engaged in commerce, or

engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1). Defendant is, and was, subject to the pay requirements of the FLSA, because it is an enterprise engaged in commerce and its employees are engaged in commerce.

162. FLSA requires employers to pay employees for all hours in which the employee is suffered or permitted to work, including preparatory and concluding time. Hours worked includes time spent preparing for and concluding shifts, *i.e.*, time spent showering and donning and doffing safety and personal protective clothing and equipment, as well as donning and doffing before and after meal and other breaks. These types of activities are integral and indispensable parts of Defendant's employees' jobs.

163. Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), requires employers to pay non-exempt employees who work longer than 40 hours in a workweek overtime rates for hours worked in the workweek in excess of 40 hours. Defendant's employees, including the Named Plaintiffs, regularly worked more than 40 hours per week. Defendant violated the FLSA by requiring foundry employees to perform compensable work in excess of 40 hours without proper compensation.

164. By failing to keep, record, report or preserve records of hours worked by the Named Plaintiffs and members of the FLSA Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of 29 U.S.C. § 201 et seq.

165.  Members of the FLSA Class are entitled to damages equal to the amount of all uncompensated time, including overtime premium pay within the three years preceding the filing of this complaint, plus periods of equitable tolling.  Defendant's failure to pay overtime to members of the FLSA Class was "willful" within the meaning of Section 6(a) of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 255(a), because Defendant did not act in good faith in failing to pay proper overtime pay, and had no reason to believe that its failure to do so was not a violation of the FLSA, within the meaning of Section 11 of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 260. Accordingly, the FLSA Class is entitled to an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to Section 16(b) of the FLSA.  Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime pay, the FLSA Class is entitled to an award of prejudgment interest at the applicable legal rate.

166.  Plaintiffs also seek reasonable attorneys' fees and costs, to be paid by Defendant, as provided by Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
### COMMON LAW BREACH OF CONTRACT

167.  Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

168.  As at-will employees, the Named Plaintiffs and members of the Indiana Class are entitled to compensation for all time they work, as consideration for the services they provide to Defendant.

22

169.  Defendant promises its employees, at the time employees are hired, that they will be compensated at specified hourly base rates, plus piecework, for the hours they work.  Defendant also promises its employees, at times during their employment, that they will be given additional consideration, in the form of raises or shift differentials, for the hours they work.  The specified hourly base rates provide the basis for calculating the overtime compensation owed the Named Plaintiffs and members of the Indiana Class.

170.  Defendant breached the terms of the employment agreements by failing to provide the Named Plaintiffs and the Indiana Class with full payment based upon all of the hours they worked.

171.  Defendant is liable to the Named Plaintiffs and the Class for damages incurred as a result of its breach.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, on behalf of themselves and all members of the FLSA Class, pray for relief as follows:

1.      Designation of this action as a collective action on behalf of the proposed FLSA Class and prompt issuance of notice to all similarly situated members, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consents to Sue;

2.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

23

3.    An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

4.    Costs of the action incurred herein, including expert fees;

5.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

6.    Pre- and post-judgment interest, as provided by law; and

7.    For any other and further relief the Court may deem just or equitable.

Dated:  9/5, 2017

Respectfully Submitted,

**LARSON ● KING, LLP**

By: _____

T. Joseph Snodgrass (MN#231071)
Kelly A. Lelo (MN#330838)
2800 Wells Fargo Place
30 E. Seventh Street
St. Paul, MN  55101
Telephone: (651) 312-6510

Kyle F. Biesecker (TN#_____)
**BIESECKER DUTKANYCH &
MACER, LLC**
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1000

J. Gordon Rudd, Jr. (MN#222082)
**ZIMMERMAN REED, L.L.P.**
1100 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 341-0400

*ATTORNEYS FOR PLAINTIFFS*

1644944